**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-4165**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         versus

PAMMY GAIL CUMMINGS,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-02-72-FO)

───────────

Submitted: November 18, 2005      Decided: December 13, 2005

───────────

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────

James D. Williams, Jr., LAW OFFICES OF JAMES D. WILLIAMS, JR., P.A., Durham, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pammy Gail Cummings appeals her sentence of 360 months of imprisonment imposed after she pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2000).  The Government has moved to dismiss Cummings's appeal based upon a waiver of appellate rights in her plea agreement.

We deny the Government's motion to dismiss.  We conclude, however, that Cummings waived the right to proceed with each of her claims on appeal, except her claims of denial of counsel of her choosing and ineffective assistance of counsel.  Cummings asserts that her counsel withdrew from representation as a result of pressure exerted by the Government.  The Government sought to disqualify counsel based upon a possible conflict of interest.  Before the issue was squarely raised before the district court, however, counsel withdrew and another attorney assumed the representation.  Although a criminal defendant is entitled to be represented by counsel of her choice, that right is not absolute, and may be overcome by a conflict of interest.  United States v. Howard, 115 F.3d 1151, 1155 (4th Cir. 1997).  Our review of the

record leads us to conclude that the Government's actions were not improper, and Cummings's claim is without merit.

Cummings also asserts that counsel was ineffective in failing to raise a Sixth Amendment objection at sentencing. We have reviewed Cummings's claim and determine that it does not "conclusively appear[]" on the record that counsel was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal quotation marks omitted). Cummings may raise her ineffective assistance claim in proceedings under 28 U.S.C. § 2255 (2000).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Cummings's conviction and sentence. This court requires that counsel inform Cummings, in writing, of the right to petition the Supreme Court of the United States for further review. If Cummings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cummings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART
AND AFFIRMED IN PART

- 3 -